IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WALTER F. TERRY,<br>Inmate # 05004171,<br>    Plaintiff, | ::<br>::<br>::<br>:: | CIVIL ACTION NO.<br>1:06-CV-0518-MHS |
| v. | ::<br>:: | |
| ATLANTA CITY DETENTION<br>CENTER MEDICAL STAFF,<br>NURSE MATHIS,<br>MEDICAL DIRECTOR<br>D'AGOSTINO,<br>    Defendants. | ::<br>::<br>::<br>::<br>::<br>:: | PRISONER CIVIL RIGHTS<br>42 U.S.C. § 1983 |

## ORDER

Plaintiff, an inmate at the Atlanta City Detention Center in Atlanta, Georgia, has filed the instant pro se civil rights action. For the purpose of dismissal only, leave to proceed in forma pauperis is hereby **GRANTED**. The matter is now before the Court for a 28 U.S.C. § 1915A frivolity determination.

## 28 U.S.C. § 1915A Frivolity Review

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint seeking redress from a governmental entity, or an officer or employee thereof, to determine whether the action (1) is frivolous, malicious, or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous when it "has little or no chance of success," i.e., when it appears "from the

AO 72A
(Rev.8/82)

face of the complaint that the factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it appears beyond doubt that the plaintiff could prove no set of facts that would entitle him to relief. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989).

Plaintiff sues herein the Medical Staff at the Atlanta City Detention Center (A.C.D.C.), as well as Nurse Mathis and Medical Director D'Agostino, also of the A.C.D.C. [Doc. 1 ¶ III.] Plaintiff claims that, on January 6, 2006, he was referred to Grady Hospital for "blood work and [plantar] warts" on both feet. [Doc. ¶ IV.] However, the hospital staff informed Plaintiff that he would have to go to a special clinic for the blood work. Plaintiff returned to Grady Hospital on February 16, 2006, only to be informed once again that he had come to the wrong place. Officers Scott and Bolton, who apparently had accompanied Plaintiff to the hospital, told the A.C.D.C. Medical Staff about the mixups, and Officer Bolton personally obtained an appointment for Plaintiff to see a podiatrist on March 23, 2006. [Id.] However, according to Plaintiff, "the A.C.D.C. Medical section did not set [him] an appointment to see the Podiatrist at Grady Hospital" because his release date was March 14, 2006, and they wanted to avoid the paperwork. [Id.]

2

Plaintiff claims that a Physician's Assistant at A.C.D.C. told him that he needed podiatrist care "as soon as possible" because he may need medication for the discoloration of a toe nail and the skin on the bottom of his feet. Plaintiff claims that he complained to Nurse Mathis about the pain in his feet but, apparently, received no relief. [Id.] Plaintiff seeks compensation for his "pain and suffering" and his medical bill at Grady Hospital. [Id. ¶ V.] He also seeks an investigation into the practice of requiring an inmate repeatedly to pay $5.00 for a medical form for a "chronic problem." [Id.]

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant's act or omission under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. See Hale v. Tallapoosa County, 50 F.3d 1579, 1582 (11th Cir. 1995). If a plaintiff fails to satisfy these requirements or to provide factual allegations supporting a viable cause of action, the claim is subject to dismissal. See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because plaintiffs' factual allegations were insufficient to support the alleged constitutional violation).

3

For there to be a violation of the Eighth Amendment constituting cruel and unusual punishment, "[f]irst, there must be, objectively speaking, conduct by public officials sufficiently serious to constitute a cruel or unusual deprivation–one denying the minimal civilized measure of life's necessities. Second, there must be a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." Taylor v. Adams, 221 F.3d 1254, 1257 (11th Cir. 2000) (citations and internal quotations omitted). The Eighth Amendment prohibits deliberate indifference to a serious medical need, which "constitutes the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 104 (1976) (internal quotations omitted). The Supreme Court has recognized "the government's obligation to provide medical care for those whom it is punishing by incarceration. An inmate must rely on prison authorities to treat his medical needs . . . . [D]enial of medical care may result in [unnecessary] pain and suffering . . . . [that] is inconsistent" with the view that it is "just that the public be required to care for the prisoner, who cannot by reason of the deprivation of his liberty, care for himself." Id. at 103-04 (citations and internal quotations omitted).

To demonstrate deliberate indifference, a plaintiff must show both "an objectively serious medical need" and the defendant's subjective knowledge of, and

4

more than negligent disregard of, that need. Farrow v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). See also Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994) (noting that "a 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention"). A plaintiff may establish deliberate indifference by showing that a prison official failed or refused to provide care for his serious medical condition, delayed care "even for a period of hours," chose "an easier but less efficacious course of treatment," or provided care that was "grossly inadequate" or "so cursory as to amount to no treatment at all." McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999). See Hill, 40 F.3d at 1187 (stating that "[d]elay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain") (citation and internal quotations omitted); Brown v. Hughes, 894 F.2d 1533, 1538 (11th Cir. 1990) (stating that "a deliberate delay on the order of hours in providing care for a serious and painful broken foot is sufficient to state a constitutional claim").

Negligence, however, even rising to the level of medical malpractice, does not constitute deliberate indifference. McElligott, 182 F.3d at 1254. See also Hinson v. Edmond, 192 F.3d 1342, 1345 (11th Cir. 1999) (noting that it is well settled that

"medical malpractice–negligence by a physician–is insufficient to form the basis of a claim for deliberate indifference"), amended by 205 F.3d 1264 (2000); Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995) (noting that "[m]ere negligence in diagnosing or treating a medical condition is an insufficient basis" for a deliberate indifference claim). Nor does a simple disagreement over a diagnosis or course of treatment constitute deliberate indifference. As long as the medical treatment provided is "minimally adequate," a prisoner's preference for a different treatment does not give rise to a constitutional claim. See Harris v. Thigpen, 941 F.2d 1495, 1504-05 (11th Cir. 1991).

Plaintiff acknowledges that A.C.D.C. personnel set three separate appointments for him for outside medical treatment over a period of approximately ten weeks. Plaintiff's allegations suggest, at most, negligence in treating his alleged foot problems, rising only to the level of medical malpractice, not deliberate indifference to a serious medical need. As noted above, however, medical malpractice is not actionable under § 1983.

6

Accordingly, this Court finds that Plaintiff has failed to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1). Plaintiff's complaint is hereby **DISMISSED.**

**IT IS SO ORDERED** this 31 day of Mar, 2006.

_____
MARVIN H. SHOOB
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)